# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                          |   |                    |
|--------------------------|---|--------------------|
| ROBERT BIANCHI,          | ) |                    |
|    Petitioner, | ) |                    |
| v.                       | ) | Civil Action No.   |
|                          | ) | 16-11330-FDS       |
| SEAN MEDEIROS,           | ) |                    |
|    Respondent.  | ) |                    |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

To appeal a final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year limitations period for habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d). Petitioner claimed that his petition was timely, despite being filed more than fourteen years after his state-court conviction became final, because the limitations period was tolled by a pending motion under Mass. R. Crim. P. 25 for a required finding of not guilty. In the alternative, he claimed that he was entitled to equitable tolling of the limitations period. Petitioner's

contentions present colorable claims of a substantial showing of the denial of a constitutional right, and it further appears that a reasonable jurist could disagree with the Court's conclusions.

Accordingly, a certificate of appealability is GRANTED as to (1) whether petitioner's motion under Mass. R. Crim. P. 25 was a "properly filed application for State post-conviction or other collateral review," thereby suspending the one-year limitations period under AEDPA, 28 U.S.C. § 2244(d)(2); and (2) whether the limitations period should be equitably tolled.

**So Ordered.**

Dated: May 15, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge